IN RE SPIGNER: BALDWIN, DIRECTOR OF DEPARTMENT OF PUBLIC WELFARE OF MILWAUKEE COUNTY, Appellant, v. CONANT, Respondent.

*November 25, 1964—January 5, 1965.*

For the appellant there were briefs by *Robert P. Russell,* corporation counsel of Milwaukee county, and *James E. Talaska,* assistant corporation counsel, and oral argument by *Mr. Talaska.*

For the respondent there was a brief by *Eisenberg & Kletzke,* attorneys, and *Edwin A. Star* of counsel, all of Milwaukee, and oral argument by *Mr. Star.*

CURRIE, C. J. Sub. (1) of sec. 52.01, Stats., provides as follows:

"The parent, spouse and child of any dependent person (as defined in s. 49.01) who is unable to maintain himself shall maintain such dependent person, so far as able, in a

manner approved by the authorities having charge of the dependent, or by the board in charge of the institution where such dependent person is; . . ."

Sub. (4) of sec. 52.01, Stats., provides the order in which the relatives of the classes named in sub. (1) may be required by the county court to provide support to a dependent person. Under this subsection if the dependent is a married woman the order of liability for support is first her husband, then her father, and lastly her children. In the instant case, if Cynthia Spigner be deemed the dependent person for whom public assistance was granted, it was proper to proceed against her father in view of the disappearance of her husband.

The crucial question on this appeal is whether the allocation to Cynthia Spigner of $38.75 per month of the assistance granted by the department as aid to a dependent child under sec. 49.19, Stats., made her a "dependent person" within the meaning of sec. 52.01 (1). If it did not, then the "dependent person" with respect to such item of assistance was Cynthia Spigner's child, and respondent as grandparent could not be compelled to provide support since a grandparent is not included among the classes of relatives made liable by sec. 52.01 (1).

Sub. (4) of sec. 49.01, Stats., defines a "dependent person" as ". . . a person without the present available money or income or property or credit, or other means by which the same can be presently obtained, sufficient to provide the necessary commodities and services specified in subsection (1)." The commodities and services specified in sub. (1) are ". . . food, housing, clothing, fuel, light, water, medicine, medical, dental, and surgical treatment (including hospital care), optometrical services, nursing, transportation, . . . ."

The instant record is silent on the subject of whether Cynthia Spigner would be employable and self-sustaining if

not required to stay home and care for her infant child. A majority of the court conclude that if so employable she would possess the "other means" referred to in sub. (4) of sec. 49.01, Stats., by which she would be provided with the commodities and services essential to her support. Therefore, she would not be a "dependent person" within the meaning of this subsection.

A majority of the court further conclude that, although $38.75 per month of the total monthly assistance provided by the department as aid to a dependent child is specifically allotted to Cynthia Spigner, her child (respondent's grandchild) and not she is the "dependent person" who is the beneficiary of this assistance. Therefore, the county court properly determined that sec. 52.01, Stats., imposes no liability upon respondent to assume the payment of all or any part of this $38.75 per month supplied by the department.

*By the Court.*—Order affirmed.